# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE LUIS MATA,**

        **Plaintiff,**

**-vs-**         **Case No. 6:07-cv-449-Orl-18KRS**

**FLOOD DR., LLC,**
**ROBERTO SUPERTINO,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 19)** |
| **FILED:** | **August 23, 2007** |

## I. PROCEDURAL HISTORY.

On March 13, 2007, Plaintiff Jose Luis Mata filed a complaint against Defendants Flood DR, LLC (Flood), Jared Mellick and Roberto Supertino alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. He also alleged that Flood breached an express oral employment contract with Mata. Doc. No. 1. Mata alleges, among other things, that the defendants failed to pay him overtime compensation, and that Flood failed to pay him

commissions, gas and mileage due under the employment contract. Mata also seeks liquidated damages, attorney's fees, and costs.

The complaint was served on Flood on March 17, 2007. Doc. No. 4. Mata voluntarily dismissed his claims against Mellick and Supertino. Doc. No. 5, 15.

Flood did not timely respond to the complaint. At Mata's request, the Clerk of Court entered a default against Flood. Doc. No. 10.

Thereafter, Mata filed the present motion. Doc. No. 19. Mata served the motion on the registered agent for Flood. Flood has not responded to the motion as of the time of writing this order, and the time for doing so has passed. Accordingly, I consider the motion to be unopposed.

## II.   STANDARD OF REVIEW.

A defendant who fails to answer a complaint admits all well-pleaded allegations of the complaint as to liability for purposes of default judgment. *See, e.g., DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127-29 (M.D. Ala. 2004). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated his duty to keep adequate records, the employee satisfies this burden by

producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

**III. ANALYSIS.**

A. *Allegations of the Complaint.*

Mata was employed by Flood between March 2005 and June 2005 as a laborer. Complaint ¶ 4. Flood was an enterprise engaged in commerce or in the production of goods for commerce as defined in the FLSA. *Id.* ¶ 7.

Mata and Flood entered into an oral employment contract under which Flood agreed to compensate Mata at the rate of $12.50 per hour plus a 5% commission per job completed. Flood also agreed to reimburse Mata for gas and mileage at $.50 per mile. *Id.* ¶ 15.

Flood failed to compensate Mata for commissions, gas and mileage as required by the employment agreement. *Id.* ¶ 16. Flood also willfully failed to compensate Mata at the statutory overtime rate for certain work in excess of forty hours a week. *Id.* ¶ 13.

B.   *Liability*.

1.   FLSA Overtime Compensation Claim.

To prevail on a claim for payment of overtime under the FLSA, Mata must establish the following:

First, that he was employed by Flood during the time period involved;

Second, that he was engaged in commerce or in the production of goods for commerce or that he was employed by an enterprise engaged in commerce of the production of goods for commerce; and

Third, that Flood failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By defaulting, Flood admits that it employed Mata during the relevant time period. It admits that Flood was an enterprise engaged in commerce as defined by the FLSA. It admits that it failed to pay overtime as required by the FLSA. This is sufficient to establish that Flood is liable to pay Mata overtime wages he is owed for his work.

2.   Breach of Contract.

"Under Florida law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages.'" *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. 2002)(quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st Dist. Ct. App. 1992)).

By defaulting, Flood admits that it had an express oral employment contract with Mata. It admits that it did not pay Mata commissions, gas and mileage expenses provided for in the contract. It further admits that Mata was damaged as a result of this failure to pay. This is sufficient to establish liability for breach of contract.

C.      *Damages*.

1.      FLSA Cause of Action.

**a.      Overtime Compensation.**

Under the FLSA, Mata is entitled to be paid 1½ times his regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Mata avers that he was compensated at a rate of $12.50 per hour. Mata Aff., doc. no. 19-3, ¶ 4. He further avers that "[d]uring the period beginning March 2005 through June 2005 [he] worked approximately 50 hours per week for Flood." *Id*. ¶ 2. He received no compensation for the hours worked in excess of 40 hours per week. *Id.* ¶ 3.

The period between March 1, 2005, and June 30, 2005 totals 18 work weeks. During that time, Mata avers that he worked 10 hours of overtime each week, for a total of 180 hours of uncompensated overtime work. The overtime premium would be $18.75 per hour, which is one and one-half times Mata's regular rate of pay, which was $12.50 per hour. This results in Mata being entitled to unpaid overtime compensation in the totaling $3,375.00.

**b.      Liquidated Damages**.

By defaulting, Flood admits that it acted willfully in failing to pay Mata the required minimum wage and overtime compensation. When, as here, the defendant does not present a defense that the failure to pay minimum wages or overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. § 216(b); *see also* 29 U.S.C. § 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18

(5th Cir. 1979). Accordingly, Flood must also be required to pay Mata the amount of overtime compensation owed to him, $3,375.00, as liquidated damages.

       2.      <u>Breach of Contract</u>.

With respect to the breach of contract claim, Mata avers that he drove approximately 1000 miles, for which he is due compensation under the contract at the rate of $.50 per mile. This is sufficient to establish that Mata is due $500.00 for damages for breach of the express employment contract.

Mata does not allege the dollar value of the jobs he completed for which he contends he is owed commissions. As such, the evidence is insufficient to establish his damages for lost commissions.

    D.    *Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce §§ 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).[1]

---

[1] Because the FLSA provides for payment of Mata's reasonable attorney's fees and costs, the Court need not address whether these fees and costs would also be appropriate under ch. 448.08, Florida Statutes.

Mata seeks an award of $2,850.00 for the services provided by his attorneys, Charles L. Scalise and K.E. Pantas, in connection with this case, plus $378.75 in costs. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

    1.    <u>Hourly Rate</u>.

Pantas avers that he has been a member of the Florida bar since 1993. He has over 13 years of employment experience, and has practiced extensively in the area of employment law since 2000. He avers that a reasonable hourly rate for his services is $300.00 per hour. Pantas Aff., doc. no. 19-2, ¶ 3.

Scalise has been licensed in Florida since 1988. He has over 18 years of litigation experience and has practiced exclusively in the area of employment law for 9 years. Pantas avers that $300.00

is a reasonable hourly rate for Scalise's work, citing *Coon v. Palm Motel*, Case No. 6:06-cv-47-Orl-28DAB. *Id.* ¶ 4.

In other FLSA cases, this Court has previously determined that a reasonable hourly rate for the services of Pantas and Scalise did not exceed $250.00 per hour, considering the Orlando legal market. The *Palm Motel* case is not to the contrary because, in that case, the Court approved a settlement in which the defendants did not object to the $300.00 hourly rate for Scalise's work. Therefore, *Palm Motel* is not persuasive here.

Mata did not present evidence that either of his attorneys had (1) actually billed and been paid by clients at a rate of $300.00 per hour, or (2) been awarded $300.00 per hour in other cases. There is no other evidence before the Court supporting an increase in the reasonable hourly rate previously applied to counsel's work considering the central Florida legal market. Accordingly, I conclude that $250.00 is a reasonable hourly rate for the work of Attorneys Pantas and Scalise in this case.

    2.    <u>Reasonable Number of Hours</u>.

Mata submitted a detailed time statement indicating the work performed by Pantas and Scalise in this case. Pantas Aff. ¶ 6. This time includes 0.9 hours worked by Pantas in seeking and obtaining enlargements of time to file a motion for default judgment. It is not clear from the file why Mata needed two enlargements of time to file his motion for a default judgment. Accordingly, I conclude that the time worked seeking these enlargements of time is not reasonably charged to Flood.

In all other respects, I find, in the absence of objection, that the hours worked are reasonable.

The lodestar attorney's fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| K.E. Pantas | $250.00 | 6.20 | $1,550.00 |
| Charles L. Scalise | $250.00 | 2.40 | $ 600.00 |
| **TOTAL** | | | $2,150.00 |

3. Costs.

Mata seeks an award of costs in the amount of $378.75 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($28.75). Pantas Aff. ¶5. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005). Accordingly, Mata is entitled to an award of costs from Flood in the amount requested.

**IV. RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court **GRANT** in part Plaintiff's Motion for Entry of Default Judgment (Doc. No. 19) and enter a default judgment against Flood on Mata's claim for violation of the overtime provisions of the FLSA and for breach of the express employment contract. I further recommend that the Court order Flood to pay Mata damages in the amount of $7,250.00,[2] attorney's fees in the amount of $2,150.00, and costs in the amount of $378.75.

---

[2] Damages are computed as follows: overtime compensation due ($3,375.00) + liquidated damages ($3,375.00) + mileage due under the employment contract ($500) = $7,250.00.

I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 2, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy